UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN SHEAFER,

    Plaintiff,

v.                                                                    CASE NO. 8:14-cv-1336-T-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a period of disability, disability insurance benefits ("DIB"), supplemental security income ("SSI"), and disabled widow's benefits.  Plaintiff alleges she became disabled on June 1, 2011.  (Tr. 109.)  A video hearing was held before the assigned Administrative Law Judge ("ALJ") on October 24, 2013, at which Plaintiff was represented by a non-attorney representative.  (*Id.*)  The ALJ found Plaintiff not disabled from June 1, 2011 through November 8, 2013, the date of the decision.[2]  (Tr. 109-24.)

In reaching the decision, the ALJ found that Plaintiff had the following

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Docs. 17, 23.)

[2] Plaintiff had to establish disability on or before June 30, 2012, her date last insured, in order to be entitled to a period of disability and DIB.  (Tr. 109.)  Plaintiff had to establish disability on or before May 31, 2015 in order to be entitled to a disabled widow's benefits.  (Tr. 110.)

severe impairments: cervical, thoracic, and lumbar degenerative disc disease, degenerative joint space loss of the bilateral first metatarsophalangeal ("MTP") joints, osteoarthritis, depression, and anxiety.  (Tr. 112.)  The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work, including the ability to frequently handle, finger, and feel.  (Tr. 114.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from June 1, 2011 through November 8, 2013.  Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

I. **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence

preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.   Discussion

Plaintiff raises one issue on appeal, namely, that the ALJ erred in his evaluation of Dr. Pedro Ruiz's treating opinions regarding Plaintiff's ability to handle. In a Treating Source Orthopedic Questionnaire dated February 15, 2012, Dr. Ruiz opined that Plaintiff had decreased grip strength (which he rated as a 2 on a scale of 5) and decreased ability to perform fine/gross manipulation, but would be capable of performing fine/gross manipulations on a sustained basis. (Tr. 432-33.) In a Treating Source Orthopedic Questionnaire dated August 3, 2012, Dr. Ruiz again opined that Plaintiff had decreased grip strength (without rating it) and decreased ability to perform fine manipulation, but this time he opined that Plaintiff would *not* be capable of performing fine/gross manipulations on a sustained basis. (Tr. 471-72.) On August 16, 2012, State agency consultant Thomas Renny, D.O. assessed no manipulative limitations. (Tr. 100.)

Plaintiff points to the "conflicting opinions" of her treating doctor and the

State agency consultant, and argues that the ALJ's RFC assessment is not supported by the opinion of either source. (Doc. 24 at 7.) According to Plaintiff, the ALJ should be directed "to either determine that the Plaintiff would have no manipulative limitations or she would have problems with gripping and decreased fine manipulation."[3] (*Id.*) Plaintiff states: "Rather than adopting the opinion of one medical source versus the other, it appears that the [ALJ] simply split the difference and found that the Plaintiff had some limitations but could frequently handle and finger." (*Id.*)

Contrary to Plaintiff's argument, the ALJ's RFC assessment did not need to mirror or match the findings or opinions of any particular medical source because the responsibility for assessing the RFC rests with the ALJ. *Kopke v. Astrue*, 2012 WL 4903470, *5 (M.D. Fla. Sept. 26, 2012) (report and recommendation adopted by 2012 WL 4867423 (M.D. Fla. Oct. 15, 2012)). Here, the ALJ properly considered the evidence of record and determined that Plaintiff could frequently handle, finger, and feel. The ALJ acknowledged Plaintiff's testimony that she had difficulty grasping or holding items in her hands. (Tr. 114.) He determined, however, that the medical evidence did not support Plaintiff's alleged limitations. (TR. 116.)

The ALJ explained:

---

[3] It is unclear how a finding of no manipulative limitations would be consistent with Plaintiff's claim of disability.

4

> [T]he claimant's physical examinations never showed any abnormalities in her upper extremities, including her grip strength, until July 2013. In fact, in July 2012, while she alleged a loss of grip strength in her hands at an emergency room appointment, her physical examination noted that she had no appreciable loss of grip strength bilaterally (19F/7-9). In July 2013, while she did display some reduced grip strength, rated as a 4 on a scale of 5, this finding is far less severe than I would expect to find given the claimant's extreme complaints of chronic bilateral hand pain, numbness, and burning (18F/1-4). Overall, there is very little evidence to support [a] finding that the claimant suffers from any chronic difficulties with reaching, handling, fingering, or feeling in her upper extremities. Furthermore, there is very little evidence to support the claimant's alleged worsening of her hand pain and numbness since early 2013, when she stopped working as a dog groomer. However, because the July 2013 examination did reference some reduced strength in her hands due to pain, the undersigned limited the claimant to frequent handling, fingering and feeling in a workplace setting. Additional limitations are not supported by the overall weight of the evidence of record.

(*Id.*)

The ALJ addressed Dr. Ruiz's February and August 2012 opinions regarding Plaintiff's manipulative limitations as follows:

> These opinions are inconsistent with the overall weight of the evidence of record. . . . [In July 2013,] the claimant does show slightly reduced grip strength of 4 out of 5; however, this is nowhere near Dr. Ruiz'[s] assessment of just 2 out of 5 grip strength. These opinions are not supported by the overall weight of the evidence of record, therefore I gave them little weight when assessing the claimant's [RFC] (7F; 12F).

(Tr. 118.) In contrast, the ALJ gave "great weight" to Dr. Renny's opinions, explaining: "While I did include more restrictive postural, manipulative, pushing, and pulling restrictions within the [RFC] based on the evidence of record, the

limitation to light work outlined within [Dr. Renny's] opinion is consistent with the overall weight of the evidence of record." (*Id.*)

The ALJ properly considered the evidence of record and his RFC assessment is supported by substantial evidence. The ALJ was correct that Plaintiff's physical examinations generally revealed full range of motion and no clubbing, cyanosis, edema, tenderness, or deformity of extremities. (*See, e.g.*, Tr. 379, 383, 385, 388, 391, 401, 405, 407, 409, 411, 413, 415, 417, 422, 437, 444, 463, 475, 477, 482, 500, 502, 507, 510, 512, 515, 524, 549, 632.) Although in July 2013, Dr. Tamika Singh noted that Plaintiff's upper extremity grip strength was a 4 on a scale of 5 due to pain, the physical exam showed "no clubbing or cyanosis of the fingernails or digits and normal movements of all extremities." (Tr. 549.) In addition, although Plaintiff's grip strength was a 2 on a scale of 5 in February 2012, Dr. Ruiz opined that Plaintiff would be capable of performing fine/gross manipulations on a sustained basis.[4] (Tr. 432-33.) Further, in April 2012, Byron R. Dean, D.O. did not find Plaintiff to have "any gross physical findings that would hinder or limit her ability for obtaining or maintaining employment," and stated that Plaintiff appeared "suitable for manual labor work." (Tr. 440.) Based on this record, despite Plaintiff's complaints of hand pain, soreness, and painful and stiff joints (Tr. 435, 449, 639), there was substantial

---

[4] Interestingly, Dr. Ruiz reached the opposite conclusion in August 2012 when he did not rate Plaintiff's grip strength. (Tr. 471-72.)

evidence to support the ALJ's finding that Plaintiff could frequently handle, finger, and feel. Therefore, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on September 8, 2015.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record